599 A.2d 301

**Patricia SCRIMA and Richard Scrima, her husband**

**v.**

**SWISSVALE AREA EMERGENCY SERVICE, a corporation, and Port Authority of Allegheny County. (Two Cases)**

**Appeal of SWISSVALE AREA EMERGENCY SERVICE, a corporation, Appellant. (Two Cases)**

Commonwealth Court of Pennsylvania.

Argued Oct. 11, 1991.

Decided Nov. 15, 1991.

Louis C. Long, for appellant.

John Patrick Lydon, for appellees.

Before CRAIG, President Judge, BYER, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

This is an appeal arising out of an automobile accident involving the Swissvale Area Emergency Service (Ambulance Service) and the Port Authority of Allegheny County as defendants. Patricia Scrima, a pedestrian injured in the accident, and her husband, Richard Scrima are the plaintiffs. Liability has been admitted by the defendants and

$485,000.00 in damages has already been paid to the plaintiffs. The parties have further agreed that additional damages of $400,000.00 plus interest will be paid to plaintiffs if it is determined that governmental immunity is not applicable to the Ambulance Service. We affirm the trial court.

The sole issue in this appeal is whether the Ambulance Service is entitled to invoke the governmental immunity provisions of 42 Pa.C.S. §§ 8541–8564 because it has significant ties to the Borough of Swissvale.[1] The facts which gave rise to this question are not disputed.

The Ambulance Service is a non-profit corporation formed in 1974 by a group of auxiliary policemen of Swissvale Borough to provide emergency ambulance service to residents of the Boroughs of Swissvale and Braddock Hills. The corporate Constitution and By–Laws provide that the corporation will be governed by a nine-member board of directors, one of whom will be a member of the Swissvale Borough Council and another will be a member of the Braddock Hills Borough Council. Swissvale Borough Council took no official action to create the Ambulance Service and provided none of the money for the initial funding. Swissvale has since provided some money to the Ambulance Service and also has housed the service rent-free, supplied it with gasoline at below-market prices, and included it in Borough insurance policies concerning automobile, general and professional liability and workers' compensation. The liability insurance premiums were paid by Swissvale initially, but more recently the Ambulance Service has elected to seek coverage independent of Swissvale.

1. Governmental immunity is extended to local agencies as follows: Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.
42 Pa.C.S. § 8541. A local agency may still incur liability for injuries arising out of the operation of a motor vehicle, but that liability is subject to a limitation of damages. 42 Pa.C.S. § 8542(b); 42 Pa.C.S. § 8553(b).

Swissvale does not exercise any day-to-day control over the operation of the Ambulance Service, nor does it have any role in establishing the requirements for paramedics or other personnel. Swissvale police or firemen may give orders or direction to Ambulance Service personnel at fire or accident scenes, but the exercise of this authority is incidental to the officer's general authority to take control of the fire or accident scene and not from any special relationship between the municipality and the Ambulance Service.

█ Summary judgment may only be granted in cases where no material facts are in dispute and the moving party is entitled to judgment as a matter of law. *Burnatoski v. Butler Ambulance Service Company*, 130 Pa.Commonwealth Ct. 264, 567 A.2d 1121 (1989), *petition for allowance of appeal denied*, 527 Pa. 603, 589 A.2d 693 (1991). Our scope of review in such matters is limited to determining whether an error of law was committed or the trial court abused its discretion. *Id.*

█ The Ambulance Service argues that volunteer ambulance associates should be included under the governmental immunity umbrella because volunteer firemen associations have been included, and because there are many similarities between the two organizations. Both organizations further the public good and both are afforded preferential treatment in other areas of legislation. By way of example the Ambulance Service points to the inclusion of volunteer ambulance service employees as "municipal employees" for workmen's compensation purposes;[2] financial assistance to volunteer ambulance personnel injured in the line of duty;[3] and protection from termination or discipline for absence from regular employment while responding to an emergency;[4] as well as other statutory provisions.

2. Section 601(a)(2) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1031(a)(2).

3. Volunteer Firemen's Relief Association Act, Act of June 11, 1968, P.L. 149, *as amended*, 53 P.S. §§ 8501–8508.

4. Act of December 1, 1977, P.L. 249, *as amended*, 43 P.S. § 1201.

Extrapolating from these statutory provisions which treat volunteer ambulance and firemen associations similarly, the Ambulance Service asks us to extend the rule of *Zern v. Muldoon*, 101 Pa.Commonwealth Ct. 258, 516 A.2d 799 (1986), *petition for allowance of appeal granted*, 515 Pa. 586, 527 A.2d 546, 515 Pa. 591, 527 A.2d 549, *petition for allowance of appeal denied*, 515 Pa. 596, 528 A.2d 604, 515 Pa. 597, 528 A.2d 605 (1987), in which we held that a volunteer firemen association was entitled to governmental immunity. Since the statutory provisions apply to both groups, the Ambulance Service argues, this judicial rule should be extended to volunteer ambulance associations.

The Ambulance Service's reliance on *Zern* is misplaced. The holding in that case is limited to firemen associations because of the unique history of those organizations. While we recognize that volunteer ambulance associations provide an important service to the community, they are nevertheless distinguishable from volunteer firemen associations for purposes of immunity.

The legislature has established the appropriate degree of immunity for non-medical emergency care providers, but that provision expressly denies immunity in cases of liability arising from the operation or use of an ambulance. 42 Pa.C.S. § 8332. Civil immunity is extended to non-medical emergency care providers as follows:

(a) **General rule.**—Any person who renders emergency care, first aid or rescue at the scene of an emergency, or moves the person receiving such care, first aid and rescue to a hospital or other place of medical care, shall not be liable to such person for any civil damages as a result of any acts or omissions in rendering the emergency care, first aid or rescue, or moving the person receiving the same to a hospital or other place of medical care, except any acts or omissions intentionally designed to harm or any grossly negligent acts or omissions which result in harm to the person receiving the emergency care, first aid or rescue or being moved to a hospital or other place of medical care.

**(b) Exceptions.—**

(1) This section shall not relieve a driver of an ambulance or other emergency or rescue vehicle from liability arising from operation or use of such vehicle.

42 Pa.C.S. § 8332. Since the legislature has expressly determined that immunity does not apply in such cases, we decline to expand the rule of *Zern* as the Ambulance Service has suggested.

Accordingly, we affirm.

### ORDER

AND NOW, this 15th day of November, 1991, the orders of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.